20D02-2010-PL-000194     Filed: 10/15/2020 3:02 PM
Clerk
Elkhart Superior Court 2     Elkhart County, Indiana

USDC IN/ND case 3:20-cv-00970-JD-MGG document 3 filed 10/15/20 page 1 of 6

IN THE ELKHART CIRCUIT/SUPERIOR COURT NO. 2
STATE OF INDIANA

| | |
|---|---|
| SUPERIOR AXLE, LLC, | ) |
|        Plaintiff, | ) |
| v. | )    CAUSE NO. |
| GREENBALL CORP., | ) |
|        Defendant. | ) |

**COMPLAINT**

Plaintiff, Superior Axle, LLC ("Superior"), by counsel, states as follows for its Complaint against Defendant, Greenball Corp. ("Greenball"):

**Parties**

1. Superior is an Indiana limited liability company, with its principal place of business located in Elkhart County, Indiana, and is in the business of, among other things, manufacturing and recycling axles and, where necessary, installing tires to said axles.

2. Greenball is a California corporation, with its principal place of business in Orange County, California, and is in the business of selling tires.

**Facts**

3. In 2017, Greenball furnished Superior with its tire specifications.

4. Subsequently, and based upon Greenball's tire specifications, in 2017, 2018, 2019, and 2020, Superior sent various purchase orders to Greenball. The purchase orders are attached hereto and incorporated herein as group Exhibit 1.

5. Initially, Greenball supplied tires in accordance with its specifications.

6. In June of 2018, the tires Greenball supplied began cracking, blowing out, bulging, and otherwise failing. These defects were found before and after the tires were installed.

7. Subsequently, and on numerous occasions, Superior notified Greenball of the defective tires.

8. On multiple occasions, Greenball represented and warranted that it would remedy the defects, take responsibility for all bad product, and provide non-defective tires on a go forward basis.

9. To date, Greenball has failed and refused to remedy the defects, take responsibility for the defective tires, and reimburse Superior for its losses.

## Count I – Breach of Contract

10. Count I incorporates and realleges paragraphs 1 through 9 as paragraph 10 of Count I.

11. Superior has fully performed all of its contractual obligations under the purchase orders.

12. Greenball's delivery of defective tires constitutes a breach of the purchase orders.

13. As a direct and proximate result of Greenball's breach of the purchase orders, Superior has sustained damages, including, but not limited to, the replacement of the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

## Count II – Breach of Implied Warranty of Fitness for a Particular Purpose

14. Count II incorporates and realleges paragraphs 1 through 13 as paragraph 14 of Count II.

15. Greenball knew the particular purpose for which the tires were required and Superior relied on Greenball's skill and/or judgment to select and supply suitable tires.

16. Therefore, an implied warranty that the goods would be fit for such purposes existed.

17. The defective tires were not fit for the particular purpose for which they were required.

18. As such, and pursuant to Ind. Code § 26-1-5-315, Greenball is in breach of the implied warranty of fitness for a particular purpose.

19. As a direct and proximate result of Greenball's breach of implied warranty of fitness for a particular purpose, Superior has sustained damages including, but not limited to, the replacement of the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

### Count III – Breach of Implied Warranty of Merchantability

20. Count III incorporates and realleges paragraphs 1 through 19 as paragraph 20 of Count III.

21. An implied warranty of merchantability arose from the sale of the tires because Greenball was a merchant with respect to goods of that kind.

22. The defective tires were not merchantable because they would not pass without objection in the trade because they did not conform to the promises or affirmations of fact made by Greenball.

23. As such, and pursuant to Ind. Code § 26-1-5-314, Greenball is in breach of the implied warranty of merchantability.

24. As a direct and proximate result of Greenball's breach of implied warranty of merchantability, Superior has sustained damages including, but not limited to, the replacement of

the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

## Count IV – Breach of Express Warranty

25.     Count IV incorporates and realleges paragraphs 1 through 24 as paragraph 25 of Count IV.

26.     Greenball expressly warranted that the tires could be used for their intended purposes or particular purpose and were safe and free from defects.

27.     The tires were defective and not safe or reasonably suited or fit for the uses or purposes represented.

28.     As such, and pursuant to Ind. Code § 26-1-2-313, Greenball is in breach of the express warranty.

29.     As a direct and proximate result of Greenball's breach of express warranty, Superior has sustained damages including, but not limited to, the replacement of the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

## Count V - Fraud

30.     Count V incorporates and realleges paragraphs 1 through 29 as paragraph 30 of Count V.

31.     Greenball represented and contracted that it would supply tires in accordance with its specifications.

32.     Greenball initially provided tires in accordance with these specifications.

33. In June of 2018, Greenball supplied tires that no longer conformed to the promised specifications, yet continued to represent and warrant to Superior that the tires met the same specifications.

34. Greenball's representations were false and misleading.

35. Greenball made said representations either knowing them to be false or with reckless ignorance of their falsity.

36. Superior relied upon the representations to its detriment.

37. As a direct and proximate result of Greenball's fraud, Superior has sustained damages including, but not limited to, the replacement of the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

38. Pursuant to Ind. Code § 26-1-2-721, Superior is entitled its attorney's fees incurred as a result of Greenball's conduct.

## Count VI – Constructive Fraud

39. Count VI incorporates and realleges paragraphs 1 through 38 as paragraph 39 of Count VI.

40. Greenball benefitted from the misrepresentations it made to Superior.

41. As a direct and proximate result of Greenball's constructive fraud, Superior has sustained damages including, but not limited to, the replacement of the defective tires, repair and/or replacement of axles and rims, labor costs, and damage to its reputation and customer relationships.

WHEREFORE, Superior Axle, LLC prays for judgment against Greenball Corp. for all its damages, including incidental, consequential, compensatory and punitive damages, as well as costs and attorneys' fees, in an amount to be determined herein, and for all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

SOPKO, NUSSBAUM, INABNIT & KACZMAREK

By: /s/ Brent E. Inabnit
Brent E. Inabnit #17387-71
Steven R. Bell #36365-71
5th Floor – Plaza Building
210 South Michigan Street
Sound Bend, Indiana 46601
Telephone: (574) 234-3000
Facsimile: (574) 234-4220
brenti@sni-law.com
steveb@sni-law.com
Attorneys for Plaintiff

## JURY TRIAL

Plaintiff, by counsel, requests a jury trial for this cause of action.

/s/ Brent E. Inabnit
Brent E. Inabnit